IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) | |
| Plaintiff, ) | Civil Action Number |
| vs. ) ) | 2:12-cv-2431-AKK |
| CURRENCY, $300,000 SEIZED FROM BRYANT BANK ACCOUNT NUMBER XXXXX4029, ) ) ) ) ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Claimant Michael W. McClure moves to dismiss the Government's Verified In Rem Complaint for the forfeiture of $300,000.00 seized from a bank account the Government alleges McClure used to structure cash transactions to evade the mandatory financial institution reporting of currency transactions. Doc. 6. The motion is fully briefed and ripe for review. *See* docs. 6-1, 8, 9. For the reasons stated fully below, the motion is **GRANTED** as it relates solely to the $120,000 seized outside of the one year time limit and **DENIED** in all other respects.[1]

---

[1]The parties' Rule 26 Meeting Report is due by April 30, 2013. *See* Uniform Initial Order, doc. 11.

## I.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id*. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*.; *see also Twombly*, 550 U.S. at 555 ("Factual

allegations must be enough to raise a right to relief above the speculative level."). On a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the plaintiff's favor and accepts all factual allegations as true. *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678. Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Moreover, for motions to dismiss in forfeiture actions, the traditional pleading rules are modified by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which, along with the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106–185, 114 Stat. 202 (codified primarily at 18 U.S.C. § 983), set out requirements specific to civil "forfeiture action[s] in rem arising from a federal statute." Fed. R. Civ. Pro. Supp. R. G(1). Courts are to evaluate the sufficiency of a complaint under standards established by Supplemental Rule G(2). Fed. R. Civ. Pro. Supp. R. G(8)(b)(ii). Accordingly, the Government's Complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. Pro. Supp. R. G(2)(f).

## II.     PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On February 3, 2012, IRS Criminal Investigations ("IRS-CI") Task Force agents seized $300,000.00 from Claimant's bank account, number XXXXX4029, pursuant to a seizure warrant issued in this district.  Doc. 1 at 2.  The court issued the warrant after it found probable cause that the Claimant structured his transactions in violation of 31 U.S.C. § 5324, by withdrawing $10,000 or less on multiple occasions, rather than amounts greater than $10,000, to evade the automatic Currency Transaction Reporting[2] requirements that are triggered when a person has a financial transaction for more than $10,000.  *Id.*  On April 12, 2012, Claimant filed a claim to the seized funds, *i.e.* the Defendant Funds, with the IRS.  Doc. 8 at 2.  The Government filed a verified complaint for forfeiture *in rem* against the Defendant Funds on July 11, 2012, in which the Government alleges that Claimant opened the account in question on December 4, 2008, made thirty separate $10,000 withdrawals from the account between March 4, 2011 and January 6, 2012, and told IRS-CI agents that he was familiar with the Currency Transaction Reporting requirements.  Doc. 1 at 3-5.  After filing a verified claim on the funds

---

[2]Pursuant to 31 U.S.C. § 5313, the Government requires financial institutions to report when persons are involved in transactions using United States coins or currency in amounts prescribed by regulation.  These reports are commonly called the "Currency Transaction Reports."  *See e.g. U.S. v. Cure*, 804 F.2d 625 (11th Cir. 1986).

with this court on August 21, 2012, the Claimant filed this motion to dismiss seeking a return of the seized funds. Docs. 5 and 6.

### III.    ANALYSIS

Claimant asks this court to dismiss the Government's complaint for several reasons: (1) Defendant Funds are not substitute property subject to forfeiture, (2) $120,000 of the alleged structured withdrawals are time-barred by Section 984(b), and (3) the complaint does not allege sufficient facts to support a reasonable belief that the Government can prove by a preponderance of the evidence that the Defendant Funds are subject to forfeiture. Doc. 6-1 at 2. The court addresses each contention in turn.

#### A.    **The $300,000 as substitute property subject to forfeiture**

The Claimant's first contention is that the Government seized his funds illegally because Section 5324 is restricted to bank deposits: "the purported structuring activity was withdrawals, not deposits, and thus the Defendant Funds are not fungible property found in the same place as the structured funds." Doc. 6-1 at 8. Contrary to Claimant's contention, the statute makes no distinction between deposits and withdrawals.[3] Rather, "structuring" occurs when individuals arrange

---

[3] In fact, *U.S. v. Hovind*, 305 Fed. App'x. 615, 617 (11th Cir. 2008), rejected this identical argument. In *Hovind*, the Government indicted a married couple for structuring cash withdrawals of over one and a half million dollars in less than $10,000 increments to avoid the financial reporting requirements. *Hovind*, 305 Fed. App'x. at 617. The couple challenged their convictions on the same basis as claimant here – i.e., Section 5324 applies only to deposits. The

their financial transactions to avoid the reporting requirements which are activated upon the "payment, receipt, or transfer of United States coins or currency[,]" 31 U.S.C. § 5313(a), "of more than $10,000." 31 C.F.R. § 103.22(b); 31 U.S.C. § 5324. Put differently, Section 5324(a)(3) forbids a person from engaging in any transactions in amounts of $10,000 or less to avoid detection and the transaction reporting requirements. *United States v. Phipps,* 81 F.3d 1056, 1060–61 (11th Cir. 1996). Thus, the Claimant is incorrect when he contends that the withdrawals he made fall outside Section 5324.

The Claimant contends next that the Government can only seize the actual money he withdrew and cannot substitute other funds. "When the government seizes property under § 981, it must prove that the property is itself involved in, or is traceable to property involved in, a proscribed transaction. The tracing requirement, however, poses particular problems in the case of money or other fungible property." *Contents in Account No. 059–644190–69,* 253 F. Supp. 2d at 792. After all, "[o]nce money is deposited into a bank account, the government cannot trace the physical currency. Furthermore, how can the government trace fungible property, like money, back to proscribed conduct once it has been commingled with other fungible property?" *Id.* To factor this fungibility issue into

---

Eleventh Circuit disagreed and affirmed the convictions and sentences for the structured transactions. *Id*. at 623. Thus, *Hovind* makes clear that cash withdrawals are transactions subject to the structuring law under Section 5324.

account, 18 U.S.C. § 984[4], Civil Forfeiture of Fungible Property, provides that "any *identical property* found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section." 18 U.S.C. § 984(a)(2) (emphasis added).  Likewise, pursuant to 31 U.S.C. § 5317, the Government may file a civil forfeiture action to seize "[a]ny property *involved in* a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property *traceable to any such violation* or conspiracy...in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code." 31 U.S.C. § 5317(c)(2) (emphasis added).  Consistent with these provisions, in *Hovind,* the Eleventh Circuit affirmed the district court's decision to allow the

---

[4] 18 U.S.C. § 984 provides:

(a)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution (as defined in section 20 of this title), or precious metals--

> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>
> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

(2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

(b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

Government to "substitute" the actual structured funds that were withdrawn, pursuant to Section 984(a), with any "identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture." *Id.*; 18 U.S.C. § 984(a)(2).

Thus, the issues before this court are whether the property the Government seized was found in the same place or account where the funds directly traceable to the offense were located, and whether the property seized was found in that account within one year of the acts giving rise to the forfeiture. *See id.* The court will address the latter issue in the next section. As it relates to the substitution issue, the Government alleges that Claimant made thirty separate $10,000 withdrawals from account number XXXXX4029, to evade the Currency Transaction Reporting requirement, in violation of Section 5324. Doc. 1. In other words, although the Claimant withdrew the actual funds, the property involved in or traceable to the structuring offense was originally located in account number XXXXX4029. Thus, when the Government seized from that account the identical amount of funds involved in the offense, it did so in accordance with Section 984(a)(2). Consequently, based on the Government's allegations, which the court accepts as true at this stage, Claimant's transactions were subject to forfeiture under Section 5324. Moreover, the substitution of funds under Section 984(a)(2) is not a proper basis to dismiss the Government's complaint. Therefore, the court **DENIES** the

Claimant's motion to dismiss on the substitution ground.

      **B.**      <u>**Applicability of one-year time limit under Section 984(b)**</u>

Turning now to the one-year limit, Section 984 states that: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense." 18 U.S.C. § 984(b). Therefore, the court must determine whether the Government found the seized property in the Claimant's bank account within a year of the acts giving rise to the forfeiture and commenced this action within a year of the date of the alleged offense. To no surprise, the Claimant and the Government disagree about what the Government must do to "commence[]" an "action" within one year of "the date of the offense." 18 U.S.C. § 984(b). Specifically, Claimant argues that the seizure of $120,000 of the $300,000 total amount is time-barred because the one-year limitation in Section 984(b) is triggered by the commencement of a civil complaint rather than the seizure of funds. Doc. 6-1 at 12. Thus, because the Government filed its verified complaint on July 11, 2012, Claimant contends that the $120,000 he withdrew prior to July 11, 2011 is not subject to forfeiture. *Id*. at 13. In contrast, the Government asserts that it satisfied the one-year time limit when it effectuated the seizure of the Defendant Funds on February 3, 2012, less than one year from the beginning of Claimant's structuring activity on March 4, 2011. Doc. 8 at 13.

What constitutes a "commence[ment]" under Section 984 is apparently an issue of first impression in the Eleventh Circuit. As Judge James Moody, Jr. of the Middle District of Florida put it when he faced a similar question in a motion on the pleadings:

> The correct interpretation of the one-year time limit rarely arises and has not been conclusively settled. *See United States v. $8,221,877.16 in United States Currency,* 330 F.3d 141, 157–61 (3rd Cir. 2003) (holding that "in order to forfeit property that is not directly traceable to the offense under section 984, the government must file a complaint within one year of the date of the offense"); *but cf. United States v. Funds Representing Proceeds of Drug Trafficking,* 52 F. Supp. 2d 1160, 1166 (C.D. Cal. 1999)(citing legislative history supporting the view that either filing a forfeiture complaint or instituting a seizure within one year fulfills the timing requirement in § 984(b)).

*United States v. Funds in the amount of $193,773.00*, No. 8:11-CV-2062-T-30AEP, 2011 WL 6181424, at *3 (M.D. Fla. Dec. 13, 2011) (quoting *United States v. $79,650 Seized from Bank of Am. account ending in -8247, in name of Afework*, No. 1:08CV1233-JCC, 2009 WL 331294, at *2-4 (E.D. Va. Feb. 9, 2009)). Thus, the parties' arguments with respect to the one-year time limit present a difficult and unsettled issue for the court's consideration.

To support its position that "commence[ment]" is not limited to the actual filing of a complaint for forfeiture, the Government cites a House Committee Report associated with Section 984(b) that states:

> Section 984 provides that in cases involving fungible property, property is subject to forfeiture if it is identical to otherwise forfeitable

> property, is located or maintained in the same way as the original forfeitable property, and not more than one year has passed between the time the original property subject to forfeiture was so located or maintained and **the time the forfeiture action was initiated by seizing the property *or* filing the complaint**, regardless of whether or not the fungible property was continuously present or available between the time it became forfeitable and the time it was seized. (The time limitation is considered necessary to ensure that the property forfeited has a reasonable nexus to the offense giving rise to the original action for forfeiture).

H. Rep. 102-28, 102d Congress (1991) at 47-48, 1991 WL 42201 (emphasis added). The Government points out further that the Eastern District of New York and Central District of California cited this legislative history to find that the one-year limitation applied to the initiation by seizures, as well as to the filing of a complaint. *United States v. All Funds Presently on Deposit or Attempted to be Deposited in any Accounts Maintained at Am. Exp. Bank*, 832 F. Supp. 542, 559, 561 (E.D.N.Y. 1993); *Funds Representing Proceeds of Drug Trafficking,* 52 F. Supp. 2d at 1166. However, contrary to the Government's contentions, neither court relied on the legislative history to dispose of the matter before it. Rather, in *Funds Representing Proceeds of Drug Trafficking*, the Central District of California cited the legislative history when the Claimant argued that even though the Government filed a complaint within the one-year limitation, the action was not "commenced" under Section 984 until the property was seized. *See* 52 F. Supp. 2d at 1165. Thus, based on the legislative history and Federal Rule of Civil Procedure 3, the court held that

the fact that the seizure did not occur within one year of the offense was immaterial because the Government filed the complaint within the one year period. *Id*. at 1166. Likewise, in *All Funds*, the Eastern District of New York quoted the legislative history while examining the history of civil forfeiture tracing requirements, but did not apply that history in its disposition of the case. 832 F. Supp. at 558-59.

The court believes instead that the correct approach is the one articulated by the Third Circuit, which found the legislative history unpersuasive and held that the plain language of the statute dictated that the filing of a complaint triggered the one-year limit. *See $8,221,877.16 in U.S. Currency*, 330 F.3d at 159-161. The Third Circuit's approach is consistent with Eleventh Circuit case law on statutory construction. As this Circuit has held, "[t]he preeminent canon of statutory interpretation requires us to presume that [the] legislature says in a statute what it means and means in a statute what it says there." *Am. Bankers Ins. Group v. United States*, 408 F.3d 1328, 1332 (11th Cir. 2005) (quoting *BedRoc Ltd., LLC v. United States,* 541 U.S. 176, 183 (2004)). Thus the court's inquiry "begins with the statutory text, and ends there as well if the text is unambiguous." *Id.* (citations omitted). Furthermore, words are given their ordinary, plain meaning unless defined otherwise. *Id.*; *see also In re Paschen,* 296 F.3d 1203, 1207 (11th Cir. 2002).

Again, Section 984(b) states that "no action pursuant to this section to forfeit

property not directly traceable to the offense that is the basis for the forfeiture may be ***commenced*** more than 1 year from the date of the offense." (emphasis added). As the Third Circuit noted, while in non-legal settings the term "commenced" may arguably be open to interpretation, in the context of civil actions, "commence" does not encompass broad concepts, and instead requires "invocation of the judicial process." *$8,221,877.16 in U.S. Currency*, 330 F.3d at 159 (citing *McNeil v. United States,* 508 U.S. 106, 112 (1993) (holding that the receipt of a formal denial from an administrative agency did not "institute" an action under the Federal Tort Claims Act because the words "institute," "begin," and "commence" must be read to require "invocation of the judicial process")). Moreover, the Third Circuit found that under Federal Rule of Civil Procedure 3, the word "commence" is a term of art with only one unambiguous meaning: "A civil action is commenced by filing a complaint with the court." *Id*. (citing Fed. R. Civ. P. 3). Put simply, a proper reading of Section 984, which includes the unambiguous term "commenced," must incorporate that term's time honored legal significance to require a filing of a complaint.

The court also notes that this plain meaning interpretation of "commenced," as used in Section 984, is consistent with the interpretation that the Eleventh Circuit and other Circuits have given to the same word in the statute of limitations generally applicable to civil forfeiture actions under 19 U.S.C. § 1621. These courts have uniformly interpreted the Section 1621 provision that forfeiture actions be

"*commenced* within five years after the time when the alleged offense was discovered," 19 U.S.C. § 1621 (emphasis added), to require that the government *file a complaint* within five years. *See United States v. Carrell*, 252 F.3d 1193, 1206 (11th Cir. 2001) (finding that the forfeiture complaint was filed within the five-year limitations period); *see also Howard v. Lockheed-Georgia Co.*, 742 F.2d 612, 613 (11th Cir. 1984) ("As a general rule, an action is 'commenced' in federal court by the filing of a complaint."); *Mantilla v. United States,* 302 F.3d 182, 184 (3rd Cir. 2002) (indicating that the five-year statute of limitations had lapsed where the government had seized the property but never instituted forfeiture proceedings); *United States v. Rodriguez-Aguirre,* 264 F.3d 1195, 1202 (10th Cir. 2001) ("At the time Appellants filed their Rule 41(e) motion, the statute of limitations had run on the United States' ability to commence forfeiture proceedings against seized property that had not already been subject to forfeiture proceedings initiated by the United States."); *United States v. $30,006.25,* 236 F.3d 610, 612 (10th Cir. 2000) (forfeiture action barred by statute of limitations because complaint was not filed against seized property within five years); *United States v. $515,060.42,* 152 F.3d 491, 501-03 (6th Cir. 1998) (same).

Accordingly, the court finds that, when read properly to incorporate a term embedded with such legal significance, Section 984 requires the government to file a forfeiture complaint within one year of the underlying offense. As such, the one-

year statute of limitations bars the seizure of $120,000 of Claimant's property seized prior to July 11, 2011.[5]

### C. Sufficiency of complaint

Finally, Claimant contends that the Government's complaint does not allege sufficient facts to prove by a preponderance of the evidence that the funds are forfeitable. Doc. 6-1 at 16. Citing Supplemental Rule G(2)(f), Claimant further states that the Government is required to allege in the complaint "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *Id*. (citing Fed. R. Civ. Pro. Supp. R. G(2)(f)). On this motion to dismiss, the court assumes the facts in the complaint are true, and, as such, finds that the Government has stated a valid cause of action for forfeiture by accusing the Claimant of the crime of structuring and appropriately providing evidence of the Claimant's knowledge of the illegality of his conduct. *See* doc. 1. In short, the Government's complaint is sufficient to withstand the motion to dismiss.

---

[5]The court declines to apply the absurdity of results exception to the plain meaning rule as the Government suggests, doc. 19 at 3-5, because as the Eleventh Circuit has observed: "Though venerable, the principle is rarely applied, because the result produced by the plain meaning canon must be truly absurd before this principle trumps it. Otherwise, clearly expressed legislative decisions would be subject to the policy predilections of judges." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1188 (11th Cir. 1997).

## IV.  CONCLUSION

For the reasons stated herein, the motion to dismiss is **GRANTED in part** and **DENIED in part**.  The court finds that $120,000 of the $300,000 seized is time-barred by the one-year statute of limitations under 18 U.S.C. § 984(b) and must be returned to Claimant's bank account.

**DONE** this 9th day of April, 2013.

_____
ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE